THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00224-MR-DSC

ROBERT WILCOXSON, )
)
      Plaintiff, )
)
vs. ) **O R D E R**
)
)
BUNCOMBE COUNTY, et al., )
)
      Defendants. )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Motion to Lift Stay and to Allow Discovery to Commence [Doc. 32].

On August 9, 2013, the Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Sam Constance, George Sprinkle, Michael Murphy and John Elkins in their individual capacities, and against Defendant Bobby Medford, in both his individual and official capacities. In addition, the Plaintiff asserted a Monell claim against Buncombe County, and claims against various unknown investigators, supervisors and policymakers in their individual and official capacities ("John Doe Defendants").

On November 1, 2013, Defendants Medford, Constance, Sprinkle,

Murphy and Elkins filed answers to the Complaint, and Defendant Buncombe County filed a motion to dismiss the Monell claim brought against it as a municipal entity. [Doc. 16].

On January 6, 2014, Magistrate Judge Cayer issued a Memorandum and Recommendation recommending that Buncombe County's motion to dismiss be granted. [Doc. 29]. Judge Cayer further ordered that "all further proceedings in this action *related to Defendant Buncombe County*, including all discovery, are stayed pending the District Judge's ruling on this Memorandum and Recommendation and Order." [Id. at 4 (emphasis added)]. The Plaintiff has objected to the Memorandum and Recommendation, and that objection is currently under advisement with the undersigned. [Doc. 30].

In March 2014, counsel for the Plaintiff requested that the Defendants' counsel confer with each other and with the Plaintiff to establish a proposed discovery plan. Defendants' counsel apparently have taken the position that the stay of discovery imposed by Judge Cayer applies to *all* Defendants, not just Defendant Buncombe County, and thus precludes taking any steps, including conferring on a discovery plan, until the motion to dismiss is decided and the stay is lifted. The Plaintiff therefore moves the Court to lift the stay of discovery entered by Judge

Cayer and allow discovery in this matter to commence. Alternatively, the Plaintiff moves the Court to clarify or narrow the scope of the stay in order to allow the parties to confer about a discovery schedule, commence written discovery, and commence the deposition of the individual parties to the action. [Doc. 32].

While the Court declines to lift the stay imposed by Judge Cayer, the Court will clarify its scope. The stay imposed by Judge Cayer clearly applies only to discovery related to Defendant Buncombe County and therefore does not preclude the Plaintiff and the individual Defendants from commencing discovery on the claims pertaining to them.

The Court further notes that the Plaintiff has not identified or served any of the "John Doe" Defendants named in the Complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Plaintiff is hereby placed on notice that unless good cause is shown to the Court for his failure to effect service of the Summons and Second Amended Complaint on the John Doe Defendants, the Plaintiff's claims against these Defendants shall be dismissed without prejudice without further order.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Lift Stay and to Allow Discovery to Commence [Doc. 32] is **GRANTED IN PART**, but only to the extent that the Court clarifies the scope of the stay imposed by Magistrate Judge Cayer as stated herein. In all other respects, the Plaintiff's Motion [Doc. 32] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall show good cause within fourteen (14) days of service of this Order for the failure to effect service on the John Doe Defendants identified in the Complaint. Failure of the Plaintiff to respond in writing within fourteen (14) days shall result in a dismissal without prejudice of these Defendants without further Order of the Court.

**IT IS SO ORDERED.**

Signed: July 3, 2014

Martin Reidinger
United States District Judge